# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Vincent D. Mack, *a/k/a Vincent Demar Mack*, Paula D. Mack, | Civil Action No. 2:18-cv-1489-RMG |
| Plaintiffs, | |
| v. | **ORDER** |
| Wells Fargo Financial South Carolina, Wells Fargo Home Mortgage, Caliber Home Loans, Inc., US Bank, N.A., Mikell R. Scarborough, J. Martin Page, Sarah Oliver Leonard, Carolina R. Glenn, and Brad Stokes, | |
| Defendants. | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 13) recommending the Court dismiss the Plaintiffs' Complaint without prejudice. For the reasons set forth below, the Court adopts the R & R as the order of the Court and Plaintiffs' Complaint is dismissed.

## I. Background

Plaintiffs, Vincent D. Mack and Paula D. Mack, filed a *pro se* Complaint on May 31, 2018. (Dkt. No. 1). The Complaint contained various deficiencies, and on July 13, 2018, the Magistrate Judge issued a Proper Form Order giving the Plaintiffs twenty-one (21) days to bring their Complaint into proper form.[1] (Dkt. No. 5). The Magistrate Judge warned the Plaintiffs that failure to provide the items specified within the required time period may result in dismissal. (Dkt. No. 5). After Plaintiffs failed to fully comply the Order, the Magistrate Judge issued a Second Proper

---

[1] The Magistrate Judge ordered the Plaintiffs to: (1) pay the filing fee or, if they were indigent, complete the appropriate application; (2) complete a summons for each defendant; (3) complete, sign, and return other relevant forms if they wished to proceed as an indigent party; (4) submit answers to required *pro se* party interrogatories, and (5) have Paula Mack to sign the Complaint.

-1-

Form Order and gave the Plaintiffs an additional twenty-one (21) days to bring their Complaint into proper form.[2] (Dkt. No. 11). Plaintiffs did not respond to the Second Proper Form Order. The Magistrate Judge issued an R & R recommending that the Court dismiss the Complaint without prejudice based on their failure to comply with the Proper Form Orders. (Dkt. No. 13.) Plaintiffs have not filed Objections to the R & R.

## II. Legal Standard

### A. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### B. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made. Fed. R. Civ. P. 72(b)(2). Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself

---

[2] In the Second Order, the Magistrate Judge again ordered the Plaintiffs to take the following steps: (1) pay the filing fee or, if they were indigent, complete the appropriate application; (2) complete a summons form for two defendants; (3) complete, sign and return other relevant forms; and (4) submit answers to required *pro se* party interrogatories.

that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

**III. Discussion**

The Magistrate Judge issued two proper form orders, each providing the Plaintiffs with twenty-one (21) days to bring their case into proper form. Plaintiffs did not fulfill the requirements of the first Proper Form Order and did not respond to the Second Proper Form Order. Plaintiffs therefore failed to comply with a Court order, and their lack of response to the Second Proper Form Order indicates a failure to prosecute this case. The Complaint is therefore subject to dismissal. *See* Fed. R. Civ. P. 41(b) (district courts may dismiss an action if a plaintiff fails to comply with an order of the court). *See also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal appropriate where warning given).

**IV. Conclusion**

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 13) is **ADOPTED** as the order of the Court, and this action is **DISMISSED WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 12, 2018
Charleston, South Carolina